**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

**SHANE HAFFEY d/b/a SANDLIN FARMS**                             **CASE NO. 14-50824**

**DEBTOR**

**MEMORANDUM OPINION AND
ORDER DISMISSING CHAPTER 12 BANKRUPTCY**

This matter is before the Court on: (1) Debtor's Motion to Alter or Amend [Doc. 132] the May 22, 2015 Order [Doc. 131] allowing the Debtor's counsel to withdraw; (2) the United States Trustee's Motion to Dismiss Case as a Sanction for Failure to Cooperate with Discovery [Doc. 133]; (3) the United States Trustee's Motion to Shorten Time for Hearing on his Motion for Sanctions [Doc. 134]; and (4) the United States Trustee's Opposition to the Debtor's Motion to Alter or Amend [Doc. 135].

For the reasons set forth in more detail below, the Debtor's chapter 12 proceeding is dismissed pursuant to 11 U.S.C. § 1208(c) based on: (1) an inability to present a timely confirmable plan; (2) a clear record of unreasonable and prejudicial delay; and (3) a continuing loss to the estate without a reasonable likelihood of rehabilitation.

**BACKGROUND**

A thorough chronology of the procedural history of this case with relevant comments is attached as Exhibit 1 to this Opinion and Order and is incorporated herein by reference (hereinafter the "Chapter 12 Chronology"). The discussion in this Opinion and Order will address specific facts, but all facts in the Chapter 12 Chronology and otherwise in the record support this decision.

1

# DISCUSSION

The Debtor's Motion to Alter or Amend and the United States Trustee's Objection, and the United States Trustee's Motion for Sanctions and Motion to Shorten Time, are components of the bigger issue scheduled for evidentiary hearing before the Court on June 25, 2015, i.e. whether the Debtor's chapter 12 bankruptcy should be dismissed for cause under § 1208.[1]  The current motions and objection highlight further examples of a long and detailed history of delay in this case, an inability to present a confirmable chapter 12 plan, and continuing loss to the estate.  There is no need for additional evidence because it is clear this case should be dismissed under § 1208 on the existing record.

**A. Dismissal is Appropriate Because the Debtor Has Not Timely Presented a Confirmable Plan.**

Chapter 12 is structured to expedite confirmation of a chapter 12 plan to avoid deterioration of collateral and the delays found in many chapter 11 cases.  8 *Collier on Bankruptcy* ¶ 1200.01 (16th ed. 2015); *see also In re Pertuset*, 492 B.R. 232, 247 (Bankr. S.D. Ohio 2012).  A debtor in a chapter 12 proceeding "shall file a plan not later than 90 days after the order for relief ..." 11 U.S.C. § 1221.  Further, the Court must conduct a confirmation hearing within 45 days thereafter, except for cause.  11 U.S.C. § 1224.  Extended delay when there is no possibility of reorganization is an abuse of the bankruptcy process.

The Debtor filed a proposed chapter 12 plan on September 4, 2014, after receiving an unopposed extension of the 90-day deadline in § 1221.  The plan provides that the Debtor will attempt to avoid the liens that secure the bulk of his debt, but does not propose to pay any debts other than the Debtor's professional fees.  The Debtor then requested an extension of time for the

---

[1] The Debtor expresses frustration with the involvement of the United States Trustee in this case.  *See* Notice Letter defined *infra*.  This contention is unfounded.  The United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title." 11 U.S.C. § 307.

2

confirmation hearing to file adversary proceedings seeking to avoid those liens. *See* Chapter 12 Chronology at 1-4.

The Court granted the request for continuance at a hearing on October 23, 2014, after tepid objections were addressed [Doc. 85]. The Debtor then filed an adversary proceeding against Bank of America, being Case No. 14-5043, and an adversary proceeding against Deutsche Bank Trust Company Americas ("Deutsche Bank"), being Case No. 14-5044. *Id*. at 4. The Debtor was specifically instructed at the October 23rd hearing that he must re-notice the confirmation hearing. Further, the Court told parties they could raise issues regarding the timing requirements of § 1221 at any subsequent hearing.

The Court entered an opinion and order on February 2, 2015, dismissing all counts against Deutsche Bank. The Debtor voluntarily dismissed his adversary proceeding against Bank of America on March 30, 2015. *Id*. Dismissal of both adversary proceedings makes the proposed chapter 12 plan unconfirmable because the liens were not avoided, yet the Debtor has not taken action to re-notice the confirmation hearing or amend the plan.

Instead the Debtor unsuccessfully moved to stay the bankruptcy proceedings pending his appeal of Case No. 14-5044. *Id.* at 6. The record of the April 23rd hearing to consider stay of the proceedings makes it very clear the chapter 12 proceeding must continue to avoid prejudice to creditors. *See* Transcript of April 23, 2015 Hearing [Doc. 141]. Since that date, the Debtor has done nothing to move towards confirmation of any plan.

This chronology of events shows an ongoing pattern of delay that is contrary to the Bankruptcy Code's time period requirements that ensure a chapter 12 case moves promptly through the confirmation process. With the voluntarily dismissal of the last adversary proceeding on March 30, 2015, the Debtor knew the proposed plan would no longer work. His

3

failure to propose an amended plan in the months thereafter despite a pending motion to dismiss and approximately a year of chapter 12 relief is grounds for dismissal under § 1208(c)(3). Further, dismissal of the adversary proceedings was a de facto denial of the proposed plan that required successful prosecution of these cases and this may also operate as an additional cause to dismiss. *Consider* 11 U.S.C. § 1208(c)(5) (denial of confirmation is also cause for dismissal).

### B. The Debtor's Unreasonable Delay Has Prejudiced Creditors and Mandates Dismissal.

#### 1. The Debtor's Failure to Cooperate with Discovery Is Further Evidence of His Delay Tactics.

Continuing with this pattern of delay, the Debtor has unreasonably refused to cooperate with the United States Trustee in appearing for his deposition. The record shows the United States Trustee sought a deposition date as early as April 28, 2015. *See* Chapter 12 Chronology at 6. Further, depositions for the Debtor and his wife, Heather McKeever, were properly set by subpoena on May 19 and 20, 2015, and then extended to May 28, 2015, on the request of Debtor's former counsel while still representing the Debtor. *Id.* at 7. The Debtor's failure to appear and otherwise schedule depositions forced the United States Trustee to file his Motion for Sanctions so he did not risk violating the scheduling order deadlines.

The Debtor filed a Notice of Letter to Judge Schaaf, Emails to and From Trustee John Daugherty, and Certificate of Service ("Notice Letter") shortly after adjournment of the June 2nd hearing. *Id.* at 7-8. The Notice Letter and attached emails from the Debtor's spouse suggest the request for depositions was unfair because it interfered with their daughter's high school graduation activities. The Notice Letter attaches a copy of an invitation to graduation activities on only three dates: (1) a senior awards liturgy on May 21, 2015, at 8:30 a.m.; (2) a

4

baccalaureate mass on May 31, 2015, at 3:00 p.m.; and (3) a graduation ceremony on June 5, 2015, at 10:00 a.m.

The United States Trustee was right to recognize this as an unreasonable excuse. The dates of these activities do not conflict with the scheduled and proposed deposition dates. The record reflects the United States Trustee first inquired about deposition dates by email to counsel on April 28th, over a month prior to the graduation, and continued to propose alternate dates until he filed the Motion for Sanctions on May 28th. The United States Trustee even offered to take the depositions by videoconference in Columbia, South Carolina, or Savannah, Georgia, the closest offices of the United States Trustee to the Debtor and his spouse in Mount Pleasant, South Carolina.

In an email from Ms. McKeever attached to the Notice Letter,[2] Ms. McKeever offers to discuss deposition dates after the June 11th deadlines in the scheduling order. A deposition date after the scheduling order deadlines commence is not realistic, reasonable, or excusable, and instead is a continued attempt to delay and thwart addressing the dismissal of the Debtor's bankruptcy.[3] Further, the unavailability of the Debtor and Ms. McKeever until after the deadlines due to graduation obligations or medical issues does not excuse the Debtor. The Debtor voluntarily submitted to jurisdiction of the Bankruptcy Court when he filed his chapter 12 petition. He was also fully aware of the urgent matters described in this Opinion and Order that required full diligence on his part. *See supra*.

---

[2] The United States Trustee denies receiving the "purported May 27 and May 28 emails from Ms. McKeever" attached to the Notice Letter [Doc. 143].

[3] Ms. McKeever is a lawyer and should understand the importance of completing discovery before deadlines so a party has an opportunity to prepare the required papers. While Ms. McKeever has not made an appearance, the papers attached to the Motion for Sanctions and the Notice Letter show Ms. McKeever was at least advising her husband regarding scheduling the depositions.

The Chapter 12 Trustee and United States Trustee appeared at the June 2, 2015 hearings, but the Debtor did not appear. The Notice Letter suggests the Debtor had not yet received the papers scheduling the June 2nd hearings, but this is not credible. The United States Trustee sent notice of his Motion for Sanctions and his Objection to the Debtor's Motion to Alter or Amend to the Debtor's mailing address in Kentucky and South Carolina and to two email addresses used by the Debtor and/or his spouse to correspond with the United States Trustee regarding the deposition requests. *See* Certificates of Service on the United States Trustee's (1) Motion for Sanctions [Doc. 133] and attached email exhibits; (2) Motion to Shorten Time [Doc. 134]; and (3) Objection to Debtor's Motion to Alter or Amend [Doc. 135].[4]

The Debtor was also served at his Lexington and South Carolina mailing addresses with the Order scheduling the Motion to Alter or Amend for hearing on June 2nd. Further, the United States Trustee represented to the Court at the June 2nd hearing that he emailed a copy of this Order to the Debtor at the same two email addresses he used for the prior motions and from which he had recently corresponded with the Debtor and/or his spouse regarding the deposition requests.

The Chapter 12 Chronology and this Opinion and Order disclose the multiple opportunities the Debtor had to be heard through counsel or as a *pro se* debtor. *See Standard Indus., Inc. v. Aquila, Inc., (In re C.W. Mining Co.)*, 625 F.3d 1240, 1245 (10th Cir. 2010) (due process does not entitle a party to an actual hearing in every case, only to notice and an "opportunity to be heard."). The record is replete with examples to support a dismissal for cause such that an evidentiary hearing is unnecessary and a waste of judicial resources. *C-TC 9th Av. P'ship v. Norton Co. (In re C-TC 9th Av. P'ship)*, 113 F.3d 1304, 1312 (2d Cir. 1997) (bankruptcy court did not have to conduct hearing before dismissing a case where the debtor had

---

[4] The United States Trustee also confirmed this notice at the June 2nd hearing.

a fair opportunity to brief and contest the dismissal and the court made a full examination of all the circumstances of the case).

The United States Trustee has acted fairly and gone beyond the obligations required in any statute or rule in attempting to give the Debtor time to address the allegations in the Motion to Dismiss and reach a reasonable resolution of the discovery dispute. Under these facts, it is unreasonable for the Debtor to argue that he could not find one day between April 28th and May 28th to attend a deposition in Lexington, Kentucky, Savannah, Georgia, or Columbia, South Carolina.

### 2. The Debtor Has Had Sufficient Time to Address the Trustee's Request for Dismissal.

The Debtor has known of the potential for dismissal since the Motion to Dismiss was filed on January 28, 2015.[5] *See* Chapter 12 Chronology at 4. The Debtor requested that any hearing occur after the April 15th tax deadline to allow him to better evaluate his financial condition. *Id.* at 5. On April 23, 2015, the evidentiary hearing was scheduled for June 25, 2015, with pretrial deadlines beginning June 11, 2015. *Id*. at 6.

Despite setting the evidentiary hearing over two months past the April 15th extension requested by the Debtor, the Debtor argues for another extension because he is currently unrepresented. *See* Motion to Alter or Amend [Doc. 132]. This is another delay tactic and does not justify a further extension. The fact the Debtor dismissed his counsel does not excuse his obligation to review and comply with court orders. *See, e.g., Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F. 3d 552, 561 (6th Cir. 2000) (*citing McNeil v. United States*,

---

[5] The United States Trustee cites § 1112(b)(4)(A) in his Motion to Dismiss, which addresses a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation in a chapter 11 proceeding. As this is a chapter 12 proceeding, the motion is considered under the comparable provision in § 1208(c)(9).

7

408 U.S. 106) (1993) for the proposition that a willfully unrepresented party volitionally assumes the risks and accepts the hazards that accompany self-representation).

The Debtor also complains that the prompt action to withdraw by his former counsel was somehow unfair, but any delay would have prejudiced the Debtor more.  On May 19, 2015, the Debtor's counsel filed an emergency motion to withdraw based on written instructions from the Debtor.  The Court granted the motion to withdraw May 22nd.  *See* Chapter 12 Chronology at 6-7.  At the May 21st hearing, departing counsel was told the June 25th hearing would go forward as scheduled regardless of the withdrawal.  Departing counsel assured the Court that the Debtor was informed that there was no guarantee of a delay of the June 25th hearing and he would pass on the Court's admonition to his prior client.

Expedited relief was justified because it gave the Debtor a better opportunity to designate replacement counsel before the June 25th hearing and related deadlines.  A prudent and reasonable debtor would have hired substitute counsel before he voluntarily terminated counsel a month before an important hearing, or at least found a replacement promptly thereafter.

### C. Dismissal Is Further Justified by Continuing Losses of the Estate.

In addition to the failure to propose a confirmable plan and the continuing pattern of delay, the United States Trustee points out that the Debtor has not timely filed his monthly operating reports and the reports filed show the estate continues to suffer losses.  "[C]ontinuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation" is cause to dismiss a case.  11 U.S.C. § 1208(c)(9).

The Debtor reported an ending asset balance of $17,658.92 in April 2014.  *See* Chapter 12 Chronology at 1.  Almost a year later in March 2015, he reports an ending asset balance of $7,984.38.  *Id.* at 6.  Further, because the Debtor did not avoid the liens securing his

8

debt, he must make payments to service that debt through a chapter 12 plan. This is not remotely possible based on the receipts shown in his monthly operating reports. There is no contrary conclusion available after dismissal of the adversary proceedings.

### D. The Motion to Shorten Time on the Motion for Sanctions Is Granted, but the Motion for Sanctions is Moot.

The United States Trustee requested a hearing on his Motion for Sanctions on June 2, 2015, because of the rapidly approaching evidentiary hearing deadlines. This is a valid reason for an expedited hearing so the Motion to Shorten Notice is granted. The same reasons justify the Court's decision to set the Debtor's Motion to Alter or Amend for hearing on the same day.

The facts could easily support dismissal as a sanction pursuant to *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The record shows the Debtor has no genuine intention of appearing for a deposition and the Debtor's delay tactics make it impossible for the United States Trustee to timely comply with the evidentiary hearing deadlines. It is unnecessary for the Court to decide the Motion for Sanctions, however, because there is sufficient cause to dismiss the chapter 12 under § 1208(c). Therefore, the Motion for Sanctions is moot.

### E. Conclusion.

After reviewing the record, and particularly the events outlined in the Chapter 12 Chronology, and considering arguments of counsel and the Debtor, it is found that the Debtor has no intention of pursuing reorganization under chapter 12. The Debtor's failure to present a confirmable plan after over a year of enjoying the benefits of a chapter 12 bankruptcy, his ongoing attempts to delay his chapter 12 bankruptcy, and the continuing loss to the estate are grounds for dismissal for cause pursuant to § 1208(c)(1) (unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors), (3) (failure to file a plan timely

under section 1221 of this title), (5) (failure to confirm a plan), and (9) (continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation).

## ORDER

Based on the foregoing, it is ORDERED:

(1)     The Debtor's Motion to Alter or Amend [Doc. 132] is DENIED;

(2)     The evidentiary hearing scheduled for June 25, 2015 [Doc. 115] is STRICKEN from the docket;

(3)     The United States Trustee's Motion to Dismiss [Doc. 94] is GRANTED and the Debtor's chapter 12 bankruptcy is DISMISSED for cause pursuant to the grounds raised by the United States Trustee and this Court under § 1208(c)

(4)     The United States Trustee's Motion to Shorten Time for Hearing on Motion for Sanctions [Doc. 134] is GRANTED; and

(5)     The United States Trustee's Motion for Sanctions for Failure to Cooperate in Discovery [Doc. 133] is MOOT.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Friday, June 05, 2015
(grs)

| | **14-50824 HAFFEY CHAPTER 12 CHRONOLOGY** | |
|---|---|---|
| **DATE** | **DOC. NO.** | **DESCRIPTION** |
| 2008 – PRESENT | See generally AP. No. 14-5044, *Haffey v. Deutsche Bank Trust Company* | Haffey and McKeever litigate the validity of the liens currently held by Deutsche Bank in federal district court and the issue remains on appeal in the Sixth Circuit |
| April 2, 2014 | Doc. 1 | Haffey d/b/a Sandlin Farms files for chapter 12 bankruptcy *pro se* and with a skeletal petition. Only 4 creditors are listed - Deutsche Bank, State Farm Bank, FIA Card Services, and the Commonwealth of Kentucky. |
| April 3, 2015 | Doc. 3 | Debtor is ordered to file Schedules A-J, Statement of Financial Affairs and Summary of Schedules. |
| April 9, 2014 | Doc. 9 | Debtor is ordered to file verification that list of creditors is signed under penalty of perjury. |
| April 11, 2014 | Doc. 14 | Debtor files schedules. |
| April 14, 2014 | Doc. 17 | Verification of Creditor Matrix is filed. |
| May 6, 2014 | Doc. 6 (setting meeting of creditors), 26 (meeting of creditors held), and 41 (Haffey represents no creditors appeared) | First meeting of creditors and no creditors appeared. |
| May 15, 2014 | Doc. 31 | Debtor files April Monthly Operating Report – ending balance of $17,658.92 (corrected on 2/13 - $17,783.16). |
| May 27, 2014 | Doc. 37 | Debtor amends Schedule D to include Bank of America and MERS as creditors with a mortgage interest in the South Carolina Property. |

1

| | | |
|---|---|---|
| May 30, 2014 | Doc. 39 | Debtor files a Motion for Contempt regarding violations of the automatic stay against the Bank of America. Debtor alleges as follows:<br><br>4/2/14- A notice of the bankruptcy was sent on April 2, 2014, attached to the motion at Exhibit A. (*NOTE: notice sent to the original 4 creditors on the matrix and not the ones added on May 27, 2014*)<br><br>4/3/14 - Upon a post-petition motion of the Plaintiff Bank of America, N.A., a foreclosure case filed in South Carolina is referred and transferred to the Charleston County Master in Equity on April 3, 2014 - see Exhibit C. (*NOTE: The document was entered on April 3 but signed on April 1st*). The Debtor claims this is the first stay violation.<br><br>In addition, an affidavit of default is filed on 4/3/14 against several of the defendants, including the Debtor- see Exhibit D. The Debtor claims this is the second stay violation.<br><br>4/7/14 – The Debtor files an objection in the South Carolina state court litigation - see Exhibit E. The Objection is signed by Shane Haffey and Heather Boone McKeever (his non-debtor wife) on behalf of Bondson Holdings.<br><br>4/30/14 – Debtor files and serves a Notice of Bankruptcy Stay in the state foreclosure action. |
| June 12, 2014 | Doc. 41 | Debtor files a motion to extend time to file a chapter 12 plan until after the claims bar date to avoid having to amend the plan. The Debtor has only one unsecured creditor, the IRS, and states if the unsecured creditor does not file a POC, then he may not have to include an unsecured creditor class. Further, the Debtor argues that his goal is an agreement as |

2

| | | to the secured value of collateral and the amount of the value of the farm and this agreement may determine whether the senior re-financing lien becomes unsecured. Debtor claims he is not attempting to delay. |
|---|---|---|
| | Doc. 42 | Debtor files the May Monthly Operating Report – ending balance of $5,006.52 (corrected 2/3 - $5,130.76). |
| June 19, 2014 | Docs. 45 & 46 | Litigants involved in litigation over the South Carolina property file an objection to the Motion for Contempt [Doc. 45] and a Motion for Relief from Stay [Doc. 46] and notice it for hearing on June 26th. |
| June 25, 2014 | Doc. 50 | Getty Law Group enters appearance. |
| | Doc. 52 | Debtor, with Getty as counsel, files a Motion to Continue the hearing on the Motion for Relief from Stay. Haffey testifies by affidavit that he has only retained Getty on the date the motion is filed and additional time is needed from counsel to review. |
| June 26, 2014 | Doc. 53 | Order entered granting the Motion to Continue and hearing continued until August 5, 2014. |
| | Doc. 59 | Debtor's Motion to Extend Time to file a Chapter 12 Plan is also continued to August 5, 2014. |
| July 29, 2014 | Doc. 67 | An Agreed Order on the Motion for Relief from Stay is entered. |
| August 4, 2014 | Doc. 70 | An Order is entered granting the Debtor's Motion to Extend Time to file a chapter 12 plan and the time is extended until September 4, 2014. |
| August 13, 2014 | Doc. 72 | Debtor files July Monthly Operating Report – ending balance of $2,989.09 (corrected 2/13 - $3,356.65). |
| September 4, 2014 | Doc. 73 | Debtor files chapter 12 plan. The proposed plan does not |

3

|  |  |  |
|---|---|---|
|  |  | call to make any payments but seeks to avoid liens on two parcels of real estate in Kentucky and South Carolina. The Debtor notices the plan for hearing on October 23, 2015. |
| September 26, 2014 | Doc. 75 & 77 | Bank of America files an objection to confirmation of the plan [Doc. 75]; Deutsche Bank files an objection to confirmation of the plan [Doc. 77]. |
| October 20, 2014 | Docs. 79 & 80 | Debtor files responses to objections [Doc. 79 & 80] arguing the Creditors do not have standing and the liens are not valid. |
| October 21, 2014 | Doc. 81 | Debtor files a Motion to Continue the October 23rd hearing arguing that he is in the process of filing adversary proceedings to avoid the liens at issue and the Creditors do not object |
| October 22, 2014 | Docs. 82 & 83 | Debtor files 2 adversary proceedings against Deutsche Bank and Bank of America – AP No. 14-5043 (Bank of America) and AP no. 14-5044 (Deutsche) |
| October 24, 2014 | Doc. 86 | An order is entered continuing the confirmation hearing "to be rescheduled at an appropriate time by the Court." |
| January 5, 2015 | Docs. 87-92 | Debtor files June, August, September, October, and November Monthly Operating Reports – the ending balance is $303.31 (June - corrected 2/13 - $427.56), $4,570.79 (August – corrected 2/13 - $4,546.83), $923.54 (September – corrected 2/13 - $899.59), $6,706.72 (October – corrected 2/13 - $6,682.78), and $2,045.47 (November – corrected 2/13 $2,070.08). |
| January 12, 2015 | Doc. 92 | Debtor files the December Monthly Operating Report – ending balance of $3,638.81 (corrected 2/13 - $3,678.00). |
| January 28, 2015 | Docs. 93 & 94 | UST files motion to dismiss/amended motion to dismiss due to inaccurate on MORs and the Debtor's inability to |

4

| | | |
|---|---|---|
| | | generate sufficient income to implement his plan if the liens are valid. |
| February 2, 2015 | Doc. 26 & 27 of AP No. 14-5044 | Court enters an order granting Deutsche Bank's Motion to Dismiss and dismissing the adversary proceeding against it based on *res judicata* grounds |
| February 11, 2015 | Doc. 95 & 96 | Bank of America and Deutsche join in the USTs Motion to Dismiss |
| February 13, 2015 | Docs. 97 & 98 | Debtor files corrected monthly operating reports and the January Monthly Operating Report – ending balance of $5,851.34. |
| February 17, 2015 | Doc. 99 (FN 1 on page 2) | Debtor files a response to UST's motion to dismiss and states in a footnote that the monthly operating reports were only filed recently because the plan provided for them to cease upon confirmation and he believed that the objections to the plan would be resolved within 30 days of the filing of the objections and an agreed amended plan would be filed within 60 days of the filing of the original plan. |
| | Doc. 100 | Debtor moves to continue hearing on Motion to Dismiss until after April 15 tax deadline so the Debtor can more accurately represent his financial condition. The UST declines to agree. The UST ultimately consents to continuance due to adverse weather conditions. |
| February 24, 2015 | Doc. 104 | Debtor moves for relief from stay to pursue federal court litigation on appeal in the Sixth Circuit related to the liens. |
| March 19, 2015 | Doc. 106 | Order granting relief from stay to pursue federal court litigation is entered. |
| March 20, 2015 | Doc. 107 | Debtor files February Monthly Operating Report – ending balance is $4,131.74. |
| March 30, 2015 | Doc. 22 of AP No. 14-5043 | Debtor voluntarily dismisses the AP against Bank of America. |

| | | |
|---|---|---|
| April 8, 2015 | Doc. 108 | Debtor moves to stay bankruptcy proceedings pending resolution of appeals related to the liens at issue. |
| April 13, 2015 | Doc. 110 | Debtor files March Monthly Operating Report – ending balance of $7,984.38. |
| April 23, 2015 | Doc. 114 | Court denies the Debtor's Motion to Stay. |
| | Doc. 115 | Court enters a scheduling order on the UST's Motion to Dismiss and schedules it for June 25, 2015. |
| April 28, 2015 | (See Doc. 133 and exhibit 1) | UST sends an email to counsel requesting dates for Haffey's deposition. No response is received. |
| May 5, 2015 | Doc. 116 | Debtor appeals the Court's ruling on the Motion to Stay the bankruptcy proceedings. |
| | Docs. 117 & 118 | UST notices depositions of Haffey and McKeever for May 19, 2015. |
| May 6 or 7, 2015 | (See Doc. 133 at page 4 of 9) | Debtor's counsel contacts UST concerning resolution of the case generally and indicates that UST would be contacted by someone in office next week regarding rescheduling since Getty is unable to attend the originally scheduled date of the deposition. |
| May 13, 2015 | (See Doc. 133 and exhibit 3) | UST receives telephone call from Heather McKeever who indicates by telephone and email that she and Mr. Haffey are unable to attend deposition because they are in South Carolina. UST discusses alternatives with McKeever. |
| May 15, 2015 | (See Doc. 133 and exhibit 2) | UST follows up with counsel and receives a response for a continued date of May 28. |
| | Doc. 122 | Amended Notice of Deposition for Haffey is filed. |
| May 19, 2015 | Doc. 129 | Getty Law Group files an emergency motion to withdraw as counsel and sets it for hearing on 5/21/15. |
| May 20, 2015 | (See Doc. 133 and exhibit 3) | McKeever responds to UST without providing any alternate dates and noting that Getty intends to withdraw as counsel. |

6

|  |  | UST tells McKeever that he will not oppose motion to withdraw and intends to move forward with deposition, but McKeever respond that Haffey will be unable to attend. UST reiterates that he will consider any reasonable request from successor counsel for dates for McKeever and Haffey's deposition but has received no response. |
|---|---|---|
| May 22, 2015 | Doc. 131 | Order entered allowing Getty Law Group to withdraw as counsel. |
| May 26, 2015 | Doc. 132 | Debtor files Motion to Alter or Amend [Doc. 132] asking the Court to grant him reasonable time to obtain counsel and to stay the bankruptcy proceeding while he does so. |
|  | (See Doc. 133 and exhibit 4) | UST contacts Debtor by email to ask if he intends to appear for May 28 deposition. |
| May 27, 2015 | (See Doc. 133 and exhibit 4) | Debtor responds that he will not appear at May 28 deposition due to his daughter's graduation from high school. UST advises that he will file a motion for sanctions seeking dismissal of the case if he could not provide an alternate date and time for the deposition. Debtor fails to respond. |
| May 28, 2015 | Doc. 133 & 134 | Debtor fails to appear at deposition and UST files a Motion for Sanctions [Doc. 133] and Motion to Shorten Time to schedule it for 6/2/15 [Doc. 134]. |
|  | Doc. 135 | UST files an objection to the Debtor's Motion to Alter or Amend. |
| May 29, 2015 | Doc. 136 | Debtor's Motion to Alter or Amend is set for hearing on June 2, 2015. |
| June 2, 2015 | Docs. 144 -146 | Hearing held on Debtor's Motion to Alter or Amend and UST's Objection and UST's Motion to Shorten Time and Motion for Sanctions. |
|  | Doc. 142 | Notice of Letter to Judge Schaaf, Emails to and from UST, |

|  |  |  |
|---|---|---|
|  |  | and Certificate of Service filed by the Debtor. |
|  | Doc. 143 | UST files a response to the Notice stating he did not receive notice until after hearing and he did not receive the purported May 27 and May 28 emails. He checked his "junk email" folder and did not locate the emails. |
| **June 11, 2015** | **See Doc. 115** | **Deadline for filing joint stipulations, briefs, affidavits, exhibits and expert witness qualifications** |
| **June 18, 2015** | **See Doc. 115** | **Deadline for objections** |
| **June 25, 2015** | **See Doc. 115** | **Evidentiary Hearing on the UST's Motion to Dismiss** |